UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION OF THE UNITED STATES FOR AN ORDER AUTHORIZING THE USE OF A PEN REGISTER AND TRAP AND TRACE DEVICE ON THE SPRINT CELLULAR PHONE ASSIGNED CALL NUMBER 774-578-1371 AND BEARING ESN/MEID 256691562200030325 | M.J. Docket No.  17-MJ-4014-DHH<br><br>EX PARTE APPLICATION<br><br>**FILED UNDER SEAL**<br><br>ALLOWED David H. Hennessy U.S.M.J.<br>**Feb 7, 2017** |

APPLICATION FOR A PEN REGISTER AND TRAP AND TRACE DEVICE

The United States of America, by Assistant U.S. Attorney Mark J. Grady ("Applicant"), applies to the Court for an Order pursuant to 18 U.S.C. §§ 3122 and 3123, authorizing the installation and use anywhere within the United States of a pen register and a trap and trace device on the Sprint[1] cellular phone assigned phone number 774-578-1371, listed to Jose Ortiz, 25 Sturgis Street, Worcester, Massachusetts, 01605 and bearing ESN/MEID[2] 256691562200030325 used by

---

[1] A prior request for the issuance of a similar Order with respect to the Target Telephone was submitted on January 11, 2017.  *See* 17-mj-4005-DHH.  That Order erroneously listed the service provider for the Target Telephone as Verizon Wireless.  DEA has noted that the Order, directed to Verizon, would not be honored by Sprint.  Undersigned counsel is informed that no information has been collected as a result of that prior Order.

[2] Telephone networks differ in the technology they use to identify a subscriber and hardware connected to their networks.
   The IMSI ("International Mobile Subscriber Identifier") is a unique identification associated with all GSM, UMTS and LTE network mobile phone users, such as those on the AT&T Wireless, T-Mobile and sometimes Metro PCS networks.  It is stored as a 64-bit field in the SIM ("Subscriber Identity Module") circuit which is imbedded into a removable plastic card and commonly referred to as a "SIM Card." The SIM Card can be transferred between different mobile devices, but retains the IMSI, which is coded as a thirteen to fifteen digit long numeric field that the mobile phone sends to the phone's cellular phone network. The cellular network uses the IMSI to identify the subscriber.
   The ESN/MEID ("Electronic Serial Number"/"Mobile Equipment Identifier") number is a globally unique number used to identify the physical hardware of a CDMA cellular telephone, such as those used on Verizon Wireless, Sprint and sometimes Metro PCS CDMA networks.  The ESN/MEID number is burned into the actual hardware of a CDMA cellular telephone and is generally resistant to modification.  It is used to identify the manufacture code and serial number of the device.  CDMA networks utilize this number, along with the Mobile Identification Number (MIN) to identify the details of the mobile device, including the subscriber.

Jose ORTIZ (hereinafter the "Target Telephone"), and to any changed telephone number subsequently assigned the same ESN/MEID number used by the Target Telephone.

In support of this application, I state as follows:

1. I am currently an "attorney for the Government" as defined in Fed. R. Crim. P. 1(b)(1), and therefore, pursuant to 18 U.S.C. § 3122, may apply for an order authorizing the installation and use of a pen register and a trap and trace device.

2. This Court has jurisdiction to grant this application pursuant to 18 U.S.C. §§ 3123(a)(1) and 3127(2)(A).

3. I certify that law enforcement agents from the DEA are conducting a criminal investigation of Jorge BURGOS, Jose ORTIZ, and Roberto ORTIZ and unknown others in connection with possible violations of 21 U.S.C. 841, distribution of controlled substances and 21 U.S.C. 846, conspiracy; it is believed that the subjects of the investigation are using the above described Target Telephone in furtherance of the subject offenses and that the information likely to be obtained from the pen register and trap and trace device is relevant to the ongoing criminal investigation.  Briefly, utilizing a cooperating source, DEA has made several controlled purchases from BURGOS and his associates within the last several months of substances field testing positively for the presence of narcotics.  This Court has previously found probable cause for the issuance of a GPS tracking warrant on a vehicle utilized during such sales (16-mj-4409-DHH).

4. I request that the Court issue an order pursuant to 18 U.S.C. § 3123 authorizing the installation and use anywhere within the United States for a period of sixty (60) days of:

   (a) a pen register to decode dialing, routing, addressing, and signaling information transmitted by the Target Telephone, excluding the contents of any communication, and

    (b)  a trap and trace device to capture the incoming electronic or other impulses to the Target Telephone that identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication.

  5.  I further request, pursuant to 18 U.S.C. § 3127, that the Court's order specifically include the dialing, routing, addressing, and/or signaling information to and from the Target Telephone for any and all electronic communications as defined in 18 U.S.C. § 2510(12), including text, MMS and SMS messages, excluding the contents of any electronic communications.

  6.  I further request that the Court's order apply not only to the telephone number listed above, but also to any changed telephone number assigned the same ESN/MEID number as the Target Telephone within the 60-day period of authorization.

  7.  I further request that the Court order, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124, that Sprint and any other person or entity providing wire or electronic communication service to the Target Telephone, furnish the DEA forthwith all information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace device unobtrusively and with a minimum of interference with the normal services provided to the Target Telephone.

  8.  I further request that Sprint, any other person or entity providing wire or electronic communication service to the Target Telephone, and anyone else providing assistance to the applicant, be ordered, pursuant to 18 U.S.C. § 3123(d), not to disclose the existence of this application, the Court's Orders, and the existence of a pen register and trap and trace device on the

Target Telephone or the existence of the investigation to any person, unless and until otherwise ordered by this Court.

9. I further request that the Court issue an original Service Provider Order, in the form submitted herewith, for service upon Sprint and any other person or entity providing wire or electronic communication service to the Target Telephone from which the statement of offenses and the name(s) of the person(s) under investigation have been removed.

10. I finally request that the order bind not only Sprint but also any other person or entity providing wire or electronic communication service to the Target Telephone upon service of a copy of this Order without further order of this Court being required.

WHEREFORE, it is respectfully requested that the Court grant an order authorizing for a period of 60 days from the date of the order the installation and use anywhere within the United States of a pen register and trap and trace device, and directing Sprint and any other person or entity providing wire or electronic communication service to the Target Telephone forthwith furnish law enforcement agents from the DEA with all information, facilities and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace device on the Target Telephone.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Mark J. Grady*
MARK J. GRADY
Assistant U.S. Attorney

Date Submitted: February 7, 2017